United States District Court
Southern District of Texas
**ENTERED**
October 20, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
|    Plaintiff/Respondent, § | |
| § | |
| v. § | CRIMINAL NO. 2:14-368 |
| § | |
| ROSLYN KAY COLLINS, § | |
|    Defendant/Movant. § | |

# ORDER

Pending before the Court is Defendant/Movant Roslyn Kay Collins' motion for extension of time to file a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. D.E. 49.

A motion made under § 2255 is subject to a one-year statute of limitations, which, in most cases, begins to run when the judgment becomes final. 28 U.S.C. § 2255(f). Equitable tolling may allow for a late filed motion, but such exceptions to limitations are rare. *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002) (although the limitations period for § 2255 motions is not considered a jurisdictional bar, it is subject to equitable tolling "only 'in rare and exceptional cases.'"). The party seeking equitable tolling bears the burden of demonstrating that tolling is appropriate. *United States v. Petty*, 530 F.3d 361, 365 (5th Cir. 2008). To satisfy her burden, Defendant must show that: (1) she has diligently pursued her rights, and (2) some extraordinary circumstance stood in her way. *See Id.*

Defendant's conviction became final on October 13, 2015, when the Supreme Court denied her petition for a writ of certiorari. *See* D.E. 48. Her motion for extension of

time is dated October 6, 2016, and postmarked October 14, 2016. In it, Defendant claims that she needs additional time "in order to research and prepare a § 2255 motion." D.E. 49. Defendant does not assert that she has diligently pursued her rights or that some extraordinary circumstance has kept her from filing a § 2255 motion in a timely manner.

The Court finds that Defendant has not demonstrated that equitable tolling is appropriate. Her motion for extension of time to file a motion under 28 U.S.C. § 2255 (D.E. 49) is therefore **DENIED**.

So **ORDERED** on ___10/19/16___.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE