UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:14-CR-368 |
| | § | |
| ROSLYN KAY COLLINS | § | |

## MEMORANDUM OPINION & ORDER

Pending before the Court are Defendant Roslyn Kay Collins' Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) Based on a Retroactive Amendment to the United States Sentencing Guidelines (D.E. 52), Motion for Leave to Proceed in Forma Pauperis (D.E. 53), and Ex Parte Application for Appointment of Counsel (D.E. 54).

**I. Background**

On August 7, 2014, Defendant pled guilty to possession with intent to distribute 9.714 kilograms of methamphetamine (actual) in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). Defendant was subject to a mandatory minimum of 10 years' imprisonment; however, the Court determined that she qualified for safety valve under 18 U.S.C. § 3553(f). Defendant's base offense level based on 9.714 kilograms of methamphetamine (actual) was 38, and she received a two-level reduction under U.S.S.G. § 2D1.1(b)(17) (incorrectly stated in Presentence Report as § 2D1.1 (b)(16)) because she qualified for safety valve. After credit for acceptance of responsibility, her total offense level was 33. Her criminal history category was I, resulting in a guideline range of 135 to 168 months' imprisonment. The Court sentenced Defendant to a below-guideline

sentence of 96 months' imprisonment, to be followed by 3 years' supervised release. Judgment was entered November 21, 2014.

Defendant previously filed a motion to reduce her sentence under 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines, which the Court denied. Defendant now moves the Court to reduce her sentence under Amendment 794.

## II. Motion to Reduce Sentence

On November 1, 2015, the United States Sentencing Commission issued Amendment 794, which amended the commentary to U.S.S.G. § 3B1.2 to clarify the factors a district court should consider in making a determination of minor or mitigating role.

A federal court generally "may not modify a term of imprisonment once it has been imposed." *Dillon v. United States*, 560 U.S. 817, 819 (2010). However, Congress allowed an exception to that rule "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); *see also Freeman v. United States*, 564 U.S. 522, 526-27 (2011) (reciting standard for sentence modifications). Such defendants are entitled to move for retroactive modification of their sentences. *Freeman*, 564 U.S. at 527. However, a sentence reduction is only permitted if it is consistent with the policy statements issued by the Sentencing Commission, which are found in § 1B1.10 of the Sentencing Guidelines. See 18 U.S.C. § 3582(c)(2); *United States. v. Boe*, 117 F.3d

830, 831 (5th Cir. 1997). Subsection 1B1.10(d) lists the amendments to the Guidelines that are eligible for retroactive effect, but Amendment 794 is not listed.

Citing *United States v. Quintero-Leyva*, 823 F.3d 519 (9th Cir. 2016), Defendant argues that Amendment 794 is nonetheless retroactive. In *Quintero-Leyva*, the Ninth Circuit held that Amendment 794 "applies retroactively in direct appeals." 823 F.3d at 521. However, the court declined to reach "the issue of whether, under the Amendment, a defendant who has exhausted his direct appeal can move to reopen sentencing proceedings." *Id.* n.1. The Fifth Circuit has explicitly declined to reach the issue of whether Amendment 794 is clarifying and/or retroactive. *United States v. Gomez-Valle*, 828 F.3d 324, 330 (5th Cir. 2016). However, the Western and Northern Districts of Texas have held that Amendment 794 is not retroactive. *Perez-Rodriguez v. United States*, 2016 WL 5875027, at *3 (N.D. Tex. Aug. 16, 2016), *report and recommendation adopted*, 2016 WL 5871359 (N.D. Tex. Oct. 7, 2016) ("Amendment 794 . . . is not listed in § 1B1.10(c) as an amendment that can subsequently lower an applicable guideline range, so it was not made retroactive by the U.S. Sentencing Commission, and the Court does not have discretion to consider reducing Movant's sentence on this basis."); *Vergara v. United States*, 2016 WL 5717843, at *2–3 (W.D. Tex. Sept. 30, 2016) ("*Quintero–Leyva* did not make Amendment 794 retroactively applicable to cases in the Fifth Circuit on direct appeal or on collateral review under § 2255. . . . The Sentencing Guidelines list all amendments eligible for retroactive effect. If an amendment is not listed, a retroactive sentence reduction is not authorized. The list does not include Amendment 794."). *See also Mendez v. United States*, 2016 WL 5817069, at *3 (W.D. Tex. Oct. 4, 2016); *Ruiz-*

*Loya v. United States*, 2016 WL 5717881, at *3 (W.D. Tex. Sept. 30, 2016). The Court finds that because Amendment 794 is not listed in § 1B1.10, it is not retroactive. Accordingly, Defendant's motion to reduce her sentence is denied.

### III. Motion to Proceed IFP

Defendant next asks the Court for permission to proceed *in forma pauperis* (IFP). No fee is required to file a § 3582 motion. Accordingly, Defendant's motion to proceed IFP is denied as moot.

### IV. Motion to Appoint Counsel

Finally, Defendant asks the Court to reappoint her trial counsel to assist in preparing a motion under § 3582(c)(2). There is no constitutional right to counsel in § 3582 proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions. Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further."); *United States v. Whitebird*, 55 F.3d 1007, 1010–11 (5th Cir. 1995) (no constitutional or statutory right to counsel in § 3582 proceeding); *United States v. Hereford*, 385 Fed. App'x 366, 367–69 (5th Cir. 2010) (designated unpublished) (appointment of counsel not required in § 3582 proceeding). Moreover, at set forth above, Defendant's § 3582 claims are without merit. Accordingly, Defendant's motion to appoint counsel is denied.

## V. Conclusion

For the reasons stated above, Defendant's Motion for Modification of Sentence Pursuant to § 3582(c)(2) (D.E. 52), Motion for Leave to Proceed in Forma Pauperis (D.E. 53), and Ex Parte Application for Appointment of Counsel (D.E. 54) are **DENIED**.

ORDERED this 21st day of November, 2016.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE