UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:14-CR-368 |
| | § | CIVIL NO. 2:16-486 |
| ROSLYN KAY COLLINS | § | |

## MEMORANDUM OPINION AND ORDER

Defendant/Movant Roslyn Kay Collins filed a motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255 (D.E. 60) and letter motion to reconsider the denial of her request for an extension of time to file a § 2255 motion (D.E. 59).[1] The United States of America (the "Government") has moved to dismiss Movant's § 2255 motion as untimely (D.E. 64), and Movant has not responded. For the reasons stated herein, the Government's motion to dismiss is **GRANTED**, and Movant's § 2255 motion and motion to reconsider an extension of time to file a § 2255 motion are **DENIED**.

## I. BACKGROUND

On August 7, 2014, Movant pled guilty to possession with intent to distribute 9.714 kilograms of methamphetamine (actual) in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). Movant was subject to a mandatory minimum of ten years' imprisonment; however, the Court determined that she qualified for safety valve under 18 U.S.C. § 3553(f). The Court sentenced Movant to a below-guideline sentence of 96 months'

---

[1] Docket entry references (D.E.) are to the criminal case.

imprisonment, to be followed by three years' supervised release. Judgment was entered November 21, 2014.

Movant filed a notice of appeal on November 28, 2014. The United States Court of Appeals for the Fifth Circuit dismissed Movant's appeal and affirmed the judgment of this Court on July 8, 2015. Movant filed a petition for a writ of certiorari with the Supreme Court, which was denied on October 14, 2015. Movant filed the present motion under § 2255 on November 7, 2016.

## II. MOVANT'S ALLEGATIONS

Movant's § 2255 motion raises the following claims:

1) Movant is eligible for a sentence reduction under Amendment 794 to the United States Sentencing Guidelines based on minor role;[2]

2) Appellate counsel was ineffective in raising *mens rea* on appeal because the Fifth Circuit "no longer recognizes 'Mens Rae' as a viable or acceptable argument on appeal claims";

3) Trial counsel was ineffective in not allowing Movant to take advantage of the plea agreement offered by the Government and instead insisting on appealing Movant's sentence; and

4) Trial counsel was ineffective in failing to seek a sentence reduction after Movant debriefed with the Government.

D.E. 60, pp. 4, 5, 7, 8.

---

[2]. To the extent Movant seeks a sentence reduction under Amendment 794, relief is available, if at all, through a motion pursuant to 18 U.S.C. § 3582(c)(2). Movant previously filed a motion to reduce her sentence under § 3582(c)(2) and Amendment 794 (D.E. 52), which the Court denied by Memorandum Opinion & Order entered November 21, 2016 (D.E. 61).

## III. ANALYSIS

### A. 28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct her sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam). In addition, "a collateral challenge may not do service for an appeal." *United States v. Frady*, 456 U.S. 152, 165 (1982).

### B. Statute of Limitations

A motion made under § 2255 is subject to a one-year statute of limitations, which, in most cases, begins to run when the judgment becomes final. 28 U.S.C. § 2255(f).[3] The

---

[3] The statute provides that the limitations period shall run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

Fifth Circuit and the Supreme Court have held that a judgment becomes final when the applicable period for seeking review of a final conviction has expired. *Clay v. United States*, 537 U.S. 522, 531–32 (2003); *United States v. Gamble*, 208 F.3d 536, 536–37 (5th Cir. 2000) (per curiam).

Defendant's conviction became final on October 14, 2015, when the Supreme Court denied her petition for a writ of certiorari. Movant did not file her § 2255 motion until November 7, 2016, after the statute of limitation expired on October 14, 2016.

### C. Equitable Tolling

Equitable tolling may allow for a late-filed motion, but such exceptions to limitations are rare. *Holland v. Florida*, 560 U.S. 631, 649 (2010); *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002). The party seeking equitable tolling bears the burden of demonstrating that tolling is appropriate. *United States v. Petty*, 530 F.3d 361, 365 (5th Cir. 2008). To satisfy her burden, Movant must show that (1) she has diligently pursued her rights, and (2) some extraordinary circumstance stood in her way. *See Holland*, 560 U.S. 649; *Petty*, 530 F.3d at 365.

Movant filed a motion for extension of time to file a § 2255 motion dated October 6, 2016, and postmarked October 14, 2016, claiming that she needed additional time "in order to research and prepare a § 2255 motion." D.E. 49. By written Order entered October 19, 2016, the Court denied Movant's request, finding that she did "not assert that

---

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

she has diligently pursued her rights or that some extraordinary circumstance has kept her from filing a § 2255 motion in a timely manner." D.E. 51. Days before filing her pending § 2255 motion, Movant filed a letter motion seeking reconsideration of the denial of her motion for extension of time. D.E. 59. In it, Movant attempts to justify her delay because she is indigent and a laborer at a work camp; she must save for several weeks to afford typing paper, ribbon, and stamps; she must take time off work without pay to use the library and accommodate the commissary and legal mail-out hours; and the Bureau of Prisons does not provide a legal advocate to answer legal questions or assist inmates.

The circumstances described by Movant are not extraordinary, but are faced by countless inmates in federal custody. Movant has presented no facts that would suggest that she has diligently pursued her rights or that some extraordinary circumstance prevented her from timely filing her § 2255 motion. Accordingly, the Court concludes that Movant's failure to file her § 2255 motion within the one-year limitations period requires that the motion be denied as time-barred. Because the Court determines that the motion is time-barred, it does not reach the merits of her asserted grounds for relief.

## IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Movant has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 RULES.

A Certificate of Appealability (COA) "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As to claims that the district court rejects solely on procedural grounds, the movant must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

The Court concludes that Movant cannot establish at least one of the *Slack* criteria. Specifically, jurists of reasons would not find this Court's procedural rulings debatable. Accordingly, Movant is not entitled to a COA as to her claims.

**V. CONCLUSION**

For the foregoing reasons, the Government's motion to dismiss (D.E. 64) is **GRANTED,** and Movant's § 2255 motion (D.E. 60) and letter motion to reconsider the denial of her request for an extension of time to file a § 2255 motion (D.E. 59) are **DENIED**. Movant is also **DENIED** a Certificate of Appealability.

ORDERED this 19th day of May, 2017.

*/s/ Nelva Gonzales Ramos*
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE